IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOLLIVER R. QUACO,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-12-00117 |
| v. | : | (Judge Rambo) |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Tolliver Quaco, an inmate currently incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. (Doc. 1.) Petitioner is seeking an order requiring Respondent, FCI-Allenwood's Warden, to file a motion for compassionate release with the court that sentenced him to his term of imprisonment.[1] For the reasons set forth below, the petition will be dismissed.

---

[1] Although it is not entirely clear from his petition, Petitioner seems to be requesting an order from the court compelling Respondent to consider his application for compassionate release. To that end, Petitioner states, "[P]etitioner does not argue that he is entitled to compassionate release; but rather that he be entitled to apply, and respondent must process such request." (Doc. 1 at 9.)

**I.     Background**

Petitioner is currently serving a 210-month sentence imposed by the United States District Court for the Eastern District of Virginia on December 7, 1990, for drug-related offenses. (Doc. 7-1 at 12.) He has a projected release date of June 20, 2021, via good conduct time release. (*Id.* at 13.)

In his petition, Petitioner asserts that in April 2011, he requested that the Warden initiate for him an application for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by seeking a medical assessment for consideration for compassionate release.[2] (Doc. 1 at 4.) He does not assert that he filed the formal request for compassionate release itself, rather he only sought a medical assessment. (*Id.*) He claims that the Warden denied his request. (*Id.*) Further, he claims that he fully exhausted his administrative remedies with respect to this request by filing a grievance with the Warden and appealing to the Bureau of Prisons' ("BOP") Regional and Central Offices. (*Id.*) Respondent attaches those relevant records to the response to the instant petition. (*See* Doc. 7-1 at 20-27.)

---

[2] In a response from the Bureau of Prisons' Central Office, it is noted that Petitioner has been diagnosed with hypertension and Hepatitis C, for which he is being treated in the Chronic Care Clinic by a staff physician. (Doc. 7-1 at 25.)

**II.     Discussion**

A prisoner may obtain release from incarceration prior to the end of a validly-imposed sentence on compassionate grounds set forth in 18 U.S.C. § 3582.  That statute provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that - -
>
>  (1) in any case - -
>
>  (A) the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that - -
>
>  (i) extraordinary and compelling reasons warrant such a reduction; or
>
>  (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii) (emphasis added).  This section requires that a motion for a sentence reduction be filed by the Director of the BOP after the Director approves an inmate's application for compassionate release.

Further, under BOP Program Statement 5050.46, "Compassionate Release; Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) & 4205(g)," an inmate's request for compassionate release must contain: (1) the extraordinary or compelling circumstances that the inmate believes warrant consideration, and (2) proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.  (Doc. 7-1 at 27-33, BOP Program Statement 5050.46); *see also* 28 C.F.R. § 571.61.  The BOP may file a motion for compassionate release with the sentencing court "only after review of the request by the Warden, the Regional Director, the General Counsel, and either the Medical Director for medical referrals or the Assistant Director, Correctional Programs Division for non-medical referrals, and with the approval of the Director, Bureau of Prisons."  (Doc. 7-1 at 30.)

Even though it appears that Petitioner has not yet filed a request for compassionate release with the Warden,[3] he now seeks an order compelling the Warden to process such an application so that the Director of the BOP can file a motion for compassionate release with the sentencing court.

As a threshold matter, a petition for habeas corpus under Section 2241 is not the proper vehicle to obtain the relief Petitioner seeks. A successful result will not necessarily result in a shorter term of incarceration or a quantum change in the conditions of Petitioner's confinement. At best it will result in a motion being filed in the sentencing court. Accordingly, the court lacks subject matter jurisdiction over Petitioner's request. *Morales v. United States*, 353 F. Supp. 2d 204, 205 (D. Mass. 2005) (denying Section 2241 petition for compassionate release on jurisdictional grounds).

Aside from the procedural flaw and assuming *arguendo* that Petitioner did file a request for compassionate release, there is no authority for this court to review or countermand the BOP Director's decision not to seek compassionate release under 18 U.S.C. § 3582(c). *See Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011)

---

[3] There is nothing in the record containing a request for compassionate release filed by Petitioner. Importantly, the court notes that pursuant to BOP Program Statement 5050.46, a request for administrative remedy, as was filed here by Petitioner, does *not* serve as an application for compassionate release.

("the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable") (collecting cases); *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (holding that a district court lacks "jurisdiction to *sua sponte* grant compassionate release" and that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon motion from the Director of the Bureau of Prisons"). As a result, Petitioner's petition will be denied for lack of subject matter jurisdiction and on the merits.

An appropriate order will issue.

                s/Sylvia H. Rambo
                United States District Judge

Dated: May 7, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TOLLIVER R. QUACO,**         :
                               :
    **Petitioner**         :   **CIVIL NO. 1:CV-12-00117**
                               :
**v.**                         :   **(Judge Rambo)**
                               :
**DAVID J. EBBERT,**           :
                               :
    **Respondent**         :

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

2) The Clerk of Court is directed to **CLOSE** this case.

                                            s/Sylvia H. Rambo
                                        United States District Judge

Dated: May 7, 2012.